# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LONNY BRISTOW,**

    **Plaintiff,**

                              Civil Action 2:11-cv-00883
    v.                         Judge Peter C. Economus
                              Magistrate Judge E.A. Preston Deavers

**THOMAS AUSTIN STOUT**, *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2). Plaintiff, who is proceeding *pro se*, brings this 42 U.S.C. § 1983 action against various state officials, alleging that Defendants retaliated against him for exercising his First Amendment rights. At this juncture, the Court will allow Plaintiff to proceed on his retaliation claims against Defendant Thomas Austin Stout. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the remaining Defendants for failure to state a claim.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the

---

[1] Formerly 28 U.S.C. § 1915(d).

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility

is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

## II.

In order to establish a retaliation claim, a plaintiff must prove:

> (1) that there was constitutionally-protected conduct; (2) an adverse action by defendants sufficient to deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between the first and second elements—that is, the adverse action was motivated at least in part by plaintiff's protected conduct.

*Eckerman v. Tennessee Dept. of Safety*, 636 F.3d 202, 207 (6th Cir. 2010). To demonstrate a causal connection under the third prong, a plaintiff may rely on "direct or circumstantial evidence indicating that the protected conduct was a substantial or motivating factor behind the adverse action . . . ." *Id.* at 208. At the pleading stage, however, Plaintiff must present "more than unadorned allegations concerning Defendants' intent and motivation." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 377 (6th Cir. 2011).

"It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." *Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 502 (1st Cir. 2011) (internal quotations omitted). Consequently, as one district court has noted in the retaliation context:

> Since the alleged wrong here—retaliation for the exercise of protected rights—is grounded in defendants' wrongful intent, it is not enough simply to show that defendants performed some acts that may have contributed to the harm suffered by plaintiffs. Plaintiffs must show that each defendant acted for constitutionally impermissible motives—specifically, in this case, for retaliatory reasons, or at

3

least with an eye toward knowingly advancing others' retaliatory goals. *See, e.g., Becker v. Kroll*, No. 2:02–CV–24, 2009 WL 819373, at *7–*9 (D.Utah Mar. 26, 2009) (stating that "[i]ndividual liability under 42 U.S.C. § 1983, must be based upon personal participation of the individual in the alleged constitutional violation," and proceeding to analyze whether there was evidence of retaliatory motive by each defendant); *Lopez v. Cook*, No. S–03–1605, 2008 WL 111021, at *6 (E.D.Cal. Jan.9, 2008) ("To prevail on his retaliation claims, plaintiff must prove that he was retaliated against for exercising his First Amendment rights and that retaliation was a substantial or motivating factor for the acts or conduct of each defendant") (citing *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 285–87, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

*Beechwood Restorative Care Ctr v. Leeds*, --- F.Supp.2d ----, 2011 WL 4014310, at *19 (W.D.N.Y. Sept. 12, 2011); *cf. also Wright v. Vill. of Franklin Park*, No. 05 C 3696, 2008 WL 820560, at *27 (N.D. Ill. Mar. 25, 2008) (rejecting retaliation claims against two subordinates, based on "acquiescing and/or agreeing" with the decision of a superior, in part because the plaintiff "offer[ed] no evidence suggesting that any of these defendants harbored hostility towards him based on his protected expression").

## III.

In his Complaint, Plaintiff attempts to bring claims against all Defendants, in their individual capacities, for retaliation based on Plaintiff's exercise of his First Amendment rights. Plaintiff maintains that he has a long history of litigation against both the Ohio Department of Rehabilitation ("ODRC") and Defendant Thomas Austin Stout, legal counsel for the ODRC. According to Plaintiff, this litigation has led to an unfriendly relationship between himself and Defendant Stout. Plaintiff has made a variety of public record requests from ODRC facilities. Plaintiff maintains that Defendants have resisted and "slow walked" his public record requests. Consequently, Plaintiff called and emailed the various institutions to raise objections to the handling of his public record requests. Additionally, Plaintiff has filed mandamus petitions relating to his public records requests. *See* Ohio Rev. Code § 149.43(C) (allowing a person

4

aggrieved during the public record request process to commence a mandamus action).

Plaintiff submits that in light of his phone calls, emails, and mandamus actions, Defendant Stout directed all remaining Defendants to treat all of Plaintiff's public records requests in the aggregate and assess costs accordingly; to not allow Plaintiff to review requested public records in the institutions where they are maintained; and to cease communication with Plaintiff. Plaintiff asserts that the remaining Defendants, all Public Record Coordinators for various ODRC institutions, have conspired with Defendant Stout by following his directives. He maintains that the remaining Defendants cannot rely on Defendant Stout's instructions to shield them from liability because their actions are against ODRC policy.

The Court finds that Plaintiff has failed to plead facially plausible claims against the Defendants outside of Defendant Stout. To state a claim against these remaining Defendants, Plaintiff cannot rely on conclusory allegations that the remaining Defendants acted in conspiracy with Defendant Stout or that they knew they were assisting Defendant Stout. Rather, Plaintiff must establish that each Defendant acted for constitutionally impermissible motives, namely, to retaliate against Plaintiff for engaging in protected conduct. Here, even assuming Plaintiff has pled sufficient facts to meet the first two prongs of a retaliation claim, he has not pled sufficient facts to provide a reasonable inference that the remaining Defendants acted because of Plaintiff's protected activity. In other words, the facts do not demonstrate that the remaining Defendants' actions were motivated by Plaintiff's phone calls, emails, and mandamus actions. Instead, the facts Plaintiff pleads indicate that these Defendants, as employees of the ODRC, were simply following the directives of Defendant Stout, the ODRC's legal counsel. Consequently, even assuming that Defendant Stout's directives are contrary to ODRC policy or that Defendant Stout did not have sufficient authority to issue these directives, Plaintiff has still failed to sufficiently

plead that the remaining Defendants acted with retaliatory motives.

**IV.**

Based on the foregoing, at this time, the Court will allow Plaintiff to proceed on his retaliation claims against Defendant Thomas Austin Stout. It is **RECOMMENDED**, however, that the Court dismiss the remaining Defendants for failure to state a facially plausible claim.

The United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Stout a summons, a copy of the Complaint. Defendant Stout is **ORDERED** to answer or otherwise respond to the Complaint within 45 days after being served with a copy of the Complaint and summons.

**V.**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  November 7, 2011  /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge